Good afternoon. William Stevens appearing on behalf of Kevin Hoffman. May it please the court. Judge Miller refused to impose a concurrent sentence on Kevin Hoffman for the federal crime and the state crime of which Mr. Hoffman had been convicted. Mr. Stevens, is it in fact true that the state court case involved the same incident that is the basis of the crime here? In other words, the one that occurred on September 5, 2014? And didn't it involve conduct that had occurred many times? Both of those are true. In Judge Miller's sentencing memorandum, he details the forensic interview of Jane Doe that covers several dates, but the conduct is essentially the same. And then in the state molestation charge, it's essentially the same conduct which Judge Miller reviewed in his sentencing memorandum. And I think that where some of the confusion comes from is the sentencing guideline that was in force at the time of Hoffman's sentence had been amended by the time But there's the Nadia case, which was cited in the briefs, which cited an earlier version of the sentencing guideline, which required not only relevant conduct, but something that enhanced the sentence as well as being relevant conduct. And I think that the text of 5G1.3b says, if subsection A does not apply and the term of imprisonment resulted from another offense, that is relevant conduct to the instant offense of conviction, under the provisions of A1, A2, A3 of 1B1.3, relevant conduct, the sentence for the instant offense shall be imposed as follows, and then it says that essentially it shall be concurrent. However, the prior version of that guideline talked about not only that the conduct had to be overlapping relevant conduct, but that the relevant conduct had to result in an increase in the sentence, and that's no longer the requirement. So I think this simply boils down to that the guidelines require, to the extent that guidelines require anything, that if it's overlapping relevant conduct, the sentence should be concurrent. And I think when you get through the verbiage, that really solves the case. And that's plainly not the understanding that Judge Miller had at the time of the sentencing. What Judge Miller explained was that the state court might have more information before it from the state trial. And Judge Miller also reasoned that it didn't want to limit the state court's ability to impose a sufficient total punishment for Hoffman. And those seem to be legitimate reasons for a Federal district court to exercise its discretion. And so whether he's correct or not about how sentencing guideline 5G1.3 applies, it doesn't seem to matter. I think that a correct application of the guidelines is still an important element of a place to start. And then you move on to exercise of discretion using 3553 factors or other factors that would inform the discretion. So I think that it really is important to start with a correct interpretation of the guideline. And one of the other policy considerations that's in play here is Judge Miller has already identified all of the factors that went into the Federal sentence, which clearly do overlap with the state sentence or with the state conviction. At that point, the state court hadn't imposed the sentence, and ultimately the state court did impose the statutory maximum for the state, but selected a consecutive sentence. Didn't Judge Miller leave it up to the state court to decide whether or not to be concurrent based on, as Judge Rulers says, more information? Whether or not to be concurrent? The state court could have gone concurrent with 50 years, couldn't it? The state court could have, but Judge Miller could have as well. And so it was speculation on his part that there would be additional aggravating factors that would be known to the state judge and not known to him. He had a pretty thorough sentencing process that included the forensic interview of the victim and all of the other things that he cited. So he had a pretty expansive view of the defendant's conduct here. Six-year-old here only got 25 years, right? Right, right. Well, and the question is whether, in effect, the federal punishment would have also resulted in double punishment if the state imposed the consecutive sentence. And that, I think, is something that Judge Miller was already in a position to evaluate. But that the starting place should have been with a correct interpretation of the guideline and then go forward with whatever other aggravating factors he may have seen to say that he wouldn't follow the guideline. You can take the rest of your time for rebuttal. Mr. Stevens, you're in your rebuttal time if you'd like to reserve that. All right. Thank you. Judge Ripple, did you have a question? No, I did not. Oh, thank you. OK. Thank you. We'll hear now from Mr. Machasek, and you can reserve the rest of your time. Thank you, Your Honor. May it please the Court, my name is John Machasek, and I represent the United States in this matter. And I'm here to request to ask the Court to affirm the judgment of the District Court. And I'd like to start off by trying to answer the question that Judge Rovner asked about whether this case involves the same case, the same conduct that was before the State Court. And my friend Mr. Stevens has, in his brief in here, represented that it does. And the fact is that it definitely does not. The State Court charged Mr. Hoffman with an 18-month time period of molesting this little girl, physically molesting the little girl, from January 1, 2012, through September 5, 2013. And our charge was based on one day, September 5, 2013, the last day of that time period, and it was for production of child pornography. It was not molesting the child. It did not even depict molesting the child, unlike the situation that was present in Narnia that Mr. Stevens referred to. So the two charges are very distinct. And so the issue here is Mr. Stevens would like this case to be sent back to the District Court for a third sentencing hearing when the District Court has already stated that if it interpreted this guideline wrong, 5G1.3C, it would still have imposed a sentence that it imposed anyway. And our position is that that is not necessary for purposes of judicial economy, but it also isn't necessary for purposes of double sentencing or multiple sentencing. As this court in Narnia stated, where there was a similar situation where you've got molest charges and then a production offense, that the state offenses punished the abuse of conduct itself, while the federal offense punished the memorialization of that abuse in pornography. And we don't even have that here, because the depictions of this six-year-old girl in this case were explicit, but they didn't involve the abuse that she had been subjected to by this man for an extended period of time. And if we would do what Mr. Stevens would have us do, that would subject this individual to absolutely no additional punishment for the federal offense, which this court said in Narnia should be a consideration. So we're not talking about double punishment here. We're talking about two separate offenses. And as the district court said in this case, it followed the advice of this court in Hawkins that where you are faced with a debatable guideline issue, the court can bypass that issue and state on the record whether it would have ruled the same if the debatable issue had come out the other way. And that's exactly what the court did here. And it explained that the state court might have more information before it than Judge Miller had. And in this case, this is a perfect example of that, because there was some confusion at the federal sentencing as to exactly what the period of time that was covered by the state court offense. And obviously, the state court judge would know that and knew that at the time of sentencing. And also, the state court judge also had a better idea of what sort of time credit would be given to Mr. Hoffman. And Judge Miller was uncertain about that as well. Time credit? You mean good time in state court? Correct, Your Honor. Whether it would be credit restricted or not. Is it two for one in Indiana still? No, well, it is except for certain offenses. And this type of offense is an exception. And the state court so ruled when it imposed the sentence on Mr. Hoffman. And the state court found that Mr. Hoffman, and I can explain a little bit more about the state court's reasoning, but that's not in the record, so I hesitate to do that. But in any event, Judge Miller was in the best situation to determine whether or not who could make the call, which court was in the best position to make the call. And as Setzer, the Supreme Court, said in the case, someone has to answer the question of consecutive versus concurrent sentence. The issue is who will make that call. And the federal district court is one possible court, but it's not the only one. And in this case, Judge Miller found that the state court would have been in a better position. And the government asked that the court uphold Judge Miller's exercise of his discretion to allow the state court to make that call rather than him. And unless there are any other questions, I'll be seated. Thank you, Mr. Maciasek. Thank you. Mr. Stevens has one minute. We'll make that, too, Mr. Stevens. Okay. From the scope of Judge Miller's sentencing memorandum that was rendered on January 5, 2015, that's the first sentencing memorandum. If you go through that memorandum, it is plain that he is talking about the whole panoply of the offense conduct, not just the charged offense in the child pornography case, but the sexual abuse that happened over a long period of time. He reviewed the forensic interview with Jane Doe, and he details aggravating factors under the guidelines to arrive at. So we really are talking about the same and overlapping relevant conduct. And that becomes apparent from Judge Miller's rulings here. And the second thing I would like to do is call to the court's attention the recent case of United States versus Charles Schroding, which was decided by this court on October 7th of this year, and that that deals with overlap between state. And I'll file a citation for that today. I tried to do it last night, but the computer timed out before I did it. Okay. Thank you very much, Mr. Stevens. And the case will be taken under advisement. And the court has finished the call of the day, so the court will rise until the next scheduled oral argument date.